IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

CITIZENS FOR HOLLY SPRINGS
NATIONAL FOREST; et al.                                              PLAINTIFFS

vs.                                                              No. 3:04CV64-D-A

UNITED STATES FOREST SERVICE; et al.                                 DEFENDANTS

OPINION GRANTING MOTION FOR SUMMARY JUDGMENT

    Presently before the court is the Defendants' motion for summary judgment. Upon due

consideration, the court finds that the motion should be granted.[1]

*A. Factual Background*

    In this action, the Plaintiffs are challenging the actions of the Defendants in approving

logging and other activities (including prescribed burns) in the section of the Mississippi National

Forest known as the "Benton Tower" in the Holly Springs Ranger District. The Benton Tower area

is located in Benton and Tippah counties and contains approximately 5,836 acres that are the subject

of this litigation. On October 30, 2003, the United States Forest Service issued a Decision

Notice/Finding of No Significant Impact (the "Notice/Finding"), authorizing the "Benton Tower

Project," the stated purpose of which is to thin overstocked pine stands in the Benton Tower area,

protect the area from threats such as the Southern Pine Beetle and wildfire, and to increase the

amount of wildlife habitat in the area. The Plaintiffs, while not opposing pine-only burning, object

to the Notice/Finding, particularly as it pertains to permitting 246 acres of the Forest to be open for

logging and 329 acres to be thinned, and seek declaratory and injunctive relief pursuant to the

---

[1]The Plaintiffs have also filed a motion for summary judgment. In light of the court's
ruling herein regarding the Defendants' motion, the court summarily finds that the Plaintiffs'
motion should be denied.

National Environmental Policy Act (NEPA), 42 U.S.C. §§ 4321 *et seq.*, the National Forest Management Act (NFMA), 16 U.S.C. §§ 1600 *et seq.*, and the Administrative Procedure Act (APA), 5 U.S.C. §§ 500 *et seq.*

The Plaintiffs appealed the Notice/Finding through the Forest Service's internal appeal process; while the initial Appeal Reviewing Officer (Cynthia Ragland), on January 17, 2004, recommended that the Plaintiffs' appeal be granted, the Regional Forester of the Southern Region (Robert Jacobs) denied the appeal in its entirety on January 29, 2004. The Plaintiffs then filed their four-count complaint with this court, seeking judicial review of the Forest Service's October 30, 2003, Notice/Finding which authorized the subject project.

In Counts One and Four of their complaint, the Plaintiffs assert that the subject Notice/Finding should be overturned because of the Forest Service's failure to comply with NEPA and adequately explain the purpose and need for the project or to prepare an Environmental Impact Statement. In Counts Two and Three of the complaint, the Plaintiffs assert that the Notice/Finding should be overturned because the Forest Service violated NFMA because the project will cause irreversible damage to the Forest.

This is the second time the Forest Service has proposed commercial logging in the Benton Tower area. The Forest Service itself rejected the first Benton Tower project and returned it to the local level for "a more in-depth analysis of water quality and cumulative effects." The challenged Notice/Finding followed some time later. While, as noted above, the initial reviewing officer recommended that the subject Notice/Finding should be overturned, the court notes that the ultimate appeal deciding officer within the Forest Service is not required to follow the recommendation of the reviewing officer. <u>See</u> 36 C.F.R. § 215.8(b)(3)(ii). The parties have now filed cross-motions for

summary judgment, which were the subject of a hearing that was held on Wednesday, April 12, 2006.

### B. Summary Judgment Standard

A party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). On a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986). Under Rule 56(e) of the Federal Rules of Civil Procedure, the burden then shifts to the non-movant to go beyond the pleadings and "by . . . affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Celotex Corp., 477 U.S. at 324. That burden is not discharged by mere allegations or denials. Fed. R. Civ. P. 56(e).

While all legitimate factual inferences must be viewed in the light most favorable to the non-movant, Rule 56(c) mandates the entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L. Ed. 2d 202 (1986); Celotex Corp., 477 U.S. at 322. Before finding that no genuine issue for trial exists, the court must first be satisfied that no reasonable trier of fact could find for the non-movant. Matsushita Elec. Indus. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986).

Here, the parties agree that the court's determination is governed by the "arbitrary and capricious" standard of the APA, and that in order to prevail the Plaintiffs must demonstrate that the Forest Service's decision was arbitrary and capricious. The parties have stipulated that no genuine issues of material fact remain in dispute.

*C. Discussion*

The Defendants assert that the challenged Finding/Notice was not "arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law" as is required before the decision can be overturned. 5 U.S.C. § 706(2)(A); Citizens to Preserve Overton Park v. Volpe, 401 U.S. 402, 416, 91 S.Ct. 814, 823-24, 28 L. Ed. 2d 136 (1971); Sierra Club v. Glickman, 67 F.3d 90, 96 (5th Cir. 1995). Under this standard, an administrative decision is upheld if the agency has "considered the relevant factors and articulated a rational connection between the facts found and the choice made." Baltimore Gas & Elec. Co. v. Natural Res. Def. Council, Inc., 462 U.S. 87, 105-106, 103 S.Ct. 2246, 2256-57, 76 L. Ed. 2d 437 (1983). Here, the Plaintiffs assert that the undisputed facts demonstrate that the Defendants violated NEPA and NFMA in approving the project, and that summary judgment should thus be granted in their favor as the Forest Service's decision was arbitrary and capricious.

As for the Plaintiffs' allegation that the subject Notice/Finding violates NEPA, the court finds that the Plaintiffs' argument is without merit. As is made clear in the subject Environmental Assessment, no stands of hardwood trees are to be harvested in the Holly Springs National Forest under this project. Pine trees are to be harvested in order to lessen the threat of Southern Pine Beetle infestation, but no hardwood stands are targeted. In addition, the Forest Service has selected some 23 mitigation measures to protect soil productivity and water quality in the areas of the Forest that will be impacted by the Project.

The Plaintiffs also challenge, under NEPA, the Forest Service's decision to not prepare an Environmental Impact Statement. A decision not to prepare such a Statement is only reviewable on procedural grounds, however, and parties challenging such a decision "face a high bar to success ... as NEPA-related decisions are accorded a considerable degree of deference." Spiller v. White, 352 F.3d 235, 240 (5th Cir. 2003). A reviewing court's role is to determine whether the decision not to prepare a Statement was arbitrary, capricious, or contrary to law. Department of Transp. v. Public Citizen, 541 U.S. 752, 763, 124 S.Ct. 2204, 2213, 159 L. Ed. 2d 60 (2004). Here, the court finds that the Plaintiffs have failed overcome their high burden to demonstrate that the Decision/Notice was insufficient and that an Environmental Impact Statement was required. The Forest Service listed some 23 mitigation measures that would be taken and conducted a detailed analysis of the cumulative impacts expected to occur as a result of the Project. Thus, the court finds that the Forest Service's decision to not issue a formal Environmental Impact Statement was not arbitrary, capricious, or contrary to law, and that the subject Notice/Finding does not violate NEPA.

The Plaintiffs' second argument is that the Defendant Forest Service violated NFMA because insufficient species population data was collected and because indicator species population was not adequately monitored. The court finds, however, that the Forest Service did gather sufficient population data and properly analyzed the data. The Forest Service gathered population data for all indicator species in the Forest and then used that data to determine population trends. These efforts clearly comply with NFMA's requirements. See, e.g., Sierra Club v. Martin 168 F.3d 1, 5-7 (11th Cir. 1999).

Accordingly, the court finds that the Forestry Service's decision to issue the October 30, 2003, Decision Notice/Finding of No Significant Impact authorizing the Benton Tower Project was

not arbitrary and capricious; thus, the court finds that the Defendants are entitled to judgment as a matter of law.  The Defendants' motion for summary judgment, therefore, shall be granted and the Plaintiffs' claims dismissed.

A separate order in accordance with this opinion shall issue this day.

This the 26th day of June 2006.


/s/ Glen H. Davidson
Chief Judge